NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 27, 2014[*]
Decided October 28, 2014

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-1474 | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| JOSEPH J. KELLY,<br>    *Plaintiff-Appellant,* | |
| *v.* | |
| | No. 11 C 50024 |
| DENNIS HOCKING,<br>    *Defendant-Appellee.* | Frederick J. Kapala, *Judge.* |

**Order**

Joseph Kelly was on supervised release when Dennis Hocking, a police officer from Peru, Illinois, accompanied police from Ottawa, Illinois, in a search of Kelly's home there. The search uncovered a cache of property stolen from local storage units, and Kelly was convicted in state court on multiple counts of burglary. He contends in this suit under 42 U.S.C. §1983 that Hocking violated the Fourth Amendment. This action is

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

proper, notwithstanding *Heck v. Humphrey*, 512 U.S. 477 (1994), because contentions that police violated the Fourth Amendment during an investigation do not necessarily draw a conviction's validity into question. See *Wallace v. Kato*, 549 U.S. 384 (2007).

Kelly maintains that Hocking violated the Fourth Amendment by participating in the execution of a warrant that was not supported by probable cause and by seizing items that, Kelly insists, were not described by the warrant. The district court's opinion demonstrates that neither of these contentions is correct.

More than that: neither the warrant nor probable cause was necessary for this search. Kelly agreed to terms of supervised release under which he consented in advance to a search of his home. Such consents are valid, see *Samson v. California*, 547 U.S. 843 (2006), so the police did not need a warrant or probable cause. See also, e.g., *United States v. Huart*, 735 F.3d 972, 975 (7th Cir. 2013); *People v. Wilson*, 228 Ill. 2d 35, 43–52 (2008) (demonstrating that the Illinois system of "mandatory supervised release" is functionally the same as California's system of parole discussed in *Samson*).

Kelly's remaining arguments have been considered but do not require discussion.

AFFIRMED